UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| EDDIE DEE WALLACE<br>    LA. DOC #95517 | CIVIL ACTION NO. 5:12-cv-2119 |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| CALVIN C. McFERRIN,<br>WARDEN | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Eddie Dee Wallace, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 7, 2012. Petitioner attacks his 2008 conviction for burglary, his subsequent adjudication as a fourth felony offender, and the 25-year hard labor sentence imposed thereafter by Louisiana's First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

## *Background*

Petitioner was found guilty of simple burglary on August 19, 2008.  He was sentenced to serve 12-years at hard labor. On November 19, 2008, he was adjudicated a fourth felony offender; the original sentence was vacated and he was sentenced to serve 25-years at hard labor without benefit of parole. He appealed to the Second Circuit Court of Appeals arguing that the

State failed to prove that he was a fourth felony offender [Doc. 1, ¶9(f)[1]]; on October 28, 2009,

his conviction, adjudication, and sentence were affirmed. *State of Louisiana v. Eddie D. Wallace*,

44,831 (La. App. 2 Cir. 10/28/2009), 26 So.3d 176. It appears thereafter that petitioner's

application for writ of *certiorari* on direct appeal was not filed within the time limit established

by Supreme Court Rule X, §5(a) which mandates that the petition be filed in the Supreme Court

within 30 days of the date that notice of judgment is mailed by the Court of Appeal.  As noted

above, the Second Circuit affirmed petitioner's conviction, adjudication, and sentence on

October 28, 2009.  He therefore had 30 days, or until on or about November 30, 2009, to file his

writ application.  According to the petitioner, sometime in mid-2010 he petitioned the Supreme

Court for permission to file "for out-of-time writ of certiorari..." in case Number 2010-KH-1540,

but, the Supreme Court denied his request on July 1, 2010. [Doc. 1, ¶12(d)] Nevertheless, he

apparently did file a writ application which was assigned Docket Number 2010-KH-1540 –

further indication that the pleading was not filed until sometime in 2010, well beyond the 30 day

period established by Rule X. He claims that he argued a claim of excessiveness of sentence, a

claim that was not raised on direct appeal.  [Doc. 1, ¶9(g)(6)]  His application for writs was

denied without comment on September 16, 2011.  *State of Louisiana ex rel. Eddie D. Wallace v.*

*State of Louisiana*, 2010-1540 (La. 9/16/2011), 69 So.2d 1134.

He filed an application for post-conviction relief in the First Judicial District Court on

January 13, 2010, in which he claimed that (1) his conviction was obtained by a violation of his

---

[1] According to the Second Circuit opinion, petitioner argued "... that the state failed to
prove the identification of the accused and further failed to prove he was the person convicted of
the predicate offenses..." and, "... that the state failed to prove the dates of [his] discharge from
state supervision in connection with the predicate offenses alleged..." *State v. Wallace*, 26 So.3d
at 178, 180.

privilege against self-incrimination, and, (2) the prosecution failed to disclose evidence favorable to the defense. [Doc. 1, ¶11] The application was denied on some unspecified date. Thereafter, petitioner filed a Motion for Out-of-Time Appeal in the District Court, and, on July 23, 2010, the District Court, noting that an appeal is not an available means for seeking review of the denial of post-conviction relief, denied the motion. [Doc. 1-2, p. 1]

Petitioner signed his petition for *habeas corpus* on August 6, 2012 [Doc. 1, p. 16]; it was received and filed on August 7, 2012.  He argues the following claims for relief: (1) "The State failed to prove beyond a reasonable doubt that Eddie D. Wallace was a fourth felony offender..."; (2) "The State failed to prove the date of ... defendant's discharge from state supervision in connection with the predicate offenses alleged..."; (3) "unconstitutional sentence ... based ... on ... another person's record..." (4) "Denial of effective assistance of counsel [because] counsel failed to inform the trial court of this [misidentification] error..." [Doc. 1, ¶12]

### *Law and Analysis*

### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A). (Nothing in the record suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme

Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the

record suggests that the factual predicate of the claims presented was only recently discovered.

See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during

which a properly filed application for post-conviction relief was pending in state court is not

counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields*

*v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of

time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir.

1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the

limitations period is tolled only for as long as the state application remains pending in the state's

courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-

year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeals. On October

28, 2009, his  conviction, adjudication, and sentence were affirmed.  *State of Louisiana v. Eddie*

*D. Wallace,* 44,831 (La. App. 2 Cir. 10/28/2009), 26 So.3d 176.  Presumably, the Second Circuit

Court of Appeals, following the Uniform Rules of the Courts of Appeal, mailed Notice of

Judgment along with a copy of their opinion to petitioner's appellate counsel on that same date.[2]

As previously noted, in accordance with Supreme Court Rule X, §5(a), petitioner had 30

days following the Second Circuit's mailing of notice of judgment within which to petition the

_____

[2] See Uniform Rule 2-16.4, "In every case, one copy of the published or unpublished
opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court,
all appeal counsel of record, and all parties not represented by counsel."

4

Supreme Court for further direct review.[3]  The thirty day period prescribed by Rule X began on October 29, 2009, the day following the Second Circuit's judgment affirming his conviction and its mailing of notice of judgment;  the period ended 30 days later or on Friday November 27. Assuming that Friday November 27, 2009, the day after Thanksgiving, was a holiday, the latest date upon which petitioner could timely seek writs was Monday, November 30, 2009, and, since petitioner did not file his writ application on or before that date, it must be considered the date of finality of judgment pursuant to 28 U.S.C. §2244(d)(1)(A). (As noted above, petitioner did not submit his writ application to the Supreme Court until sometime in 2010, well beyond the deadline established by Rule X.[4]) Therefore, his judgment of conviction "... became final by ... expiration of the time for seeking [further direct]  review..." under 28 U.S.C. §2244(d)(1)(A)

---

[3] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

[4] By petitioner's own admission, it does not appear that he either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application within the 30 days following the mailing of notice of judgment by the Court of Appeals. Indeed, by his own admission, petitioner's attempt to obtain permission to file an out-of-time petition for certiorari was denied on July 1, 2010. [See Doc. 1, ¶12(d)] *Compare Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d  647; *see also Butler v. Cain*, 533 F.3d 314 at 319 ("Finally, there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely.")

when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on or about November 30, 2009. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

Thereafter, petitioner had one year, or until November 30, 2010, to file his federal *habeas corpus* petition. He filed an application for post-conviction relief January 13, 2010 [Doc. 1, ¶11]; however, by the time he filed this application, 45 days of the one-year period of limitation established by the AEDPA had already expired, and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). The post-conviction proceedings apparently ceased to be pending on July 23, 2010, when the District Court denied his motion for an out-of-time appeal of the post-conviction judgment. [Doc. 1-2, p. 1] Thereafter, the limitations period began running anew and a period of almost two years expired un-tolled before petitioner filed his federal petition for writ of *habeas corpus* on August 6, 2012.

In short, the available evidence establishes that petitioner's federal habeas petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A). Of course, this is a Report and Recommendation and not a final judgment. To the extent that petitioner disagrees with the calculations set forth above, he is encouraged to submit evidence and argument to support his implied assertion that his *habeas* petition was timely filed. This recommendation is based on the available evidence which indicates that petitioner's application for *certiorari* on direct review was filed beyond the time limit established by Louisiana Supreme Court Rule X, §5(a). If petitioner has evidence to establish that his application was in fact timely, or if he has evidence to

6

establish that he was granted an extension of time within which to seek further direct review, he should produce that evidence and argument in support of such claim within the time set forth below.  Finally, if he has evidence to establish that he is entitled to a longer period of tolling pursuant to §2244(d)(2), he should provide such evidence.

### 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

Nevertheless, petitioner may object to this Report and Recommendation, and he is

encouraged to provide evidence and argument to support any claim of equitable tolling.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**[5]

---

[5] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period. SHOULD HE OBJECT, HE IS SPECIFICALLY DIRECTED TO PROVIDE EVIDENCE TO SUPPORT THE NOTION THAT HIS APPLICATION FOR *CERTIORARI* ON DIRECT APPEAL WAS EITHER TIMELY FILED, OR THAT HE WAS AFFORDED AN EXTENSION OF TIME WITHIN WHICH TO FILE BY THE LOUISIANA SUPREME COURT. HE IS ALSO ENCOURAGED TO PROVIDE EVIDENCE TO ESTABLISH HIS ENTITLEMENT TO EQUITABLE TOLLING OR**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe,  Louisiana, September 19, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

**STATUTORY TOLLING PURSUANT TO §2244(d)(2).**

9